Tucker, P.
I am of opinion that the judgments in these cases should be affirmed. The only question made is whether a judgment for continuing damages until payment, can be rendered in favour of the high sheriff against his deputy, where a judgment has been entered for such continuing damages against himself: and I am of opinion that it may.
The object of the statutes for the relief of the high sheriff was the complete indemnity of that officer against the misconduct of his deputies. As long ago as the year 1769, the provision which now constitutes the 30th section of the act concerning sheriffs was found in our code. It was confined, however, to the cases of a failure to pay money received on execution, and of an escape of a debtor from custody. To remedy the defects of the law, the act of 1793 was passed, which is to be found in the three editions of 1794, 1803 and 1814, ch. 161. and has been also introduced into-the revisal of 1819, but without the preamble. That preamble recites that “whereas the laws heretofore passed have in many instances been found inadequate to indemnify the sheriffs of this commonwealth against the misconduct and default of their deputies, and in most cases they have been obliged to submit to a recovery first had and obtained against them before they could legally proceed against their deputies, whereby much injury and injustice has arisen to the sheriffs: Be it therefore enacted &c.” The act then proceeds, in the first section, to provide a remedy where any fine, assessment, penalty or judgment has been or may be assessed or rendered against a sheriff, for any default or misconduct of his deputy; and in the second section it makes provision for those cases in which, though no judgment has yet been rendered against the high sheriff he is found to be chargeable for money received by his deputy, whether upon execution or otherwise. In such case the court is empowered to give “the same judg *221 ment as the sheriff might himself be liable to,” against the deputy and his sureties. The object of these two sections was not only to embrace all cases in which the sheriff becomes liable for his deputy’s default or misconduct, but to provide also a remedy for the sheriff, by anticipation, so as to enable him to recover of the deputy in time to meet the demand of the creditor, instead of bearing the brunt of that demand. This was the peculiar purpose of the second section of the act, while the first was designed for relief where judgment had already been rendered against the sheriff. But in both cases the object was the same. In both it was designed 1.o give a complete remedy, — a complete indemnity ; and therefore the courts are empowered, in the second section, to give the same judgment against the deputy, as the sheriff might be liable to. If therefore the sheriff would be liable to a judgment for £100. with interest thereon at the rate of 15 per centum per annum, from the return day of the execution until the judgment shall be discharged, the court must render against the deputy' a judgment for £ 100. with interest at the rate of 15 per centum per annum from the return day of the execution until the judgment shall be discharged. This is a compliance, both in the letter and spirit, with the provisions of the clause. Its object, I have said, was to indemnify the sheriff: but how would he be indemnified against a judgment with continuing damages, by a judgment without continuing damages } It would be impossible. If indeed he has it in his power to pay off the judgment out of his own funds, he would be relieved of the running damages. But the law did not look to his payment of it in the first instance. Knowing how ruinous such payment might be, the provision was made to enable him to recover from his deputy before he was pressed himself, or to make one judgment meet the other, by proceeding against the deputy pari passu with the creditor’s proceeding against himself. So, as to the first *222 section: where judgment /¿as leen rendered against the h'gh sheriff, the court are to give judgment against the deputy for “the full amount oí the judgment against the sheriff.” Now it is not perceived how a judgment with-continuing damages, is for the full amount of a judgment w'^1 continuing damages. If, at the date of the motion against his deputy, the high sheriff has not discjjargec[ judgment against him, then there must be, at that moment, continuing damages running against him, and they may continue until, by making the money out of the deputy, the sheriff is enabled to satisfy the creditor. How then is he indemnified by a judgment without continuing damages, or how can such judgment be said to be for the full amount of the judgment against him ? Nor can the case be different if be has paid off the judgment. The legislature could not have intended to hold out an inducement to the sheriff to keep the creditor at bay, until his recovery from his deputy; and yet, if he does not recover continuing damages, in conformity with the judgment against himself, he can get no interest for his advances from the defaulting deputy, since the statute gives neither damages nor interest, unless as part of the creditor’s judgment against the sheriff. There is indeed the more reason for this construction, when we look to the relation of the parties. The default of the deputy is assuredly not purged by the high sheriff’s payment, and on the other hand the high sheriff’s claims to indemnity are not thereby impaired; and if the creditor was entitled to recover 15 per cent, until paid, from the high sheriff, or from the deputy himself, it seems but reasonable that when the sheriff is compelled to pay the creditor, he should stand in his shoes as to the continuing damages, as some compensation for the sacrifices consequent upon the obligation to answer for the defaulting deputy.
*223 I am therefore of opinion that the sheriff is entitled, in every case, to the continuing damages until payment. But in this case it does not appear that the sheriff had paid the amount of the judgment; and therefore the question really presented is, whether the sheriff' is entitled to a judgment for continuing damages, when there an unsatisfied judgment for continuing damages IS against himself? And about this I have no doubt.
I have said nothing of the case of Jacobs v. Hill and others, 2 Leigh 393. because the question arising here does not appegr to have been considered in that case, and it ought not therefore to govern this. I am of opinion that the judgments should be affirmed.
Judgments affirmed.